IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-cv-01899-GEB-GGH |
| Plaintiff, | |
| v. | ORDER |
| APPROXIMATELY $415,000.00 IN U.S. CURRENCY SEIZED FROM SUN NATIONAL BANK ACCOUNT NUMBER 4750855637, HELD IN THE NAME OF INTRAMARK USA, INC. AND | |
| APPROXIMATELY $184,246.76 IN U.S. CURRENCY SEIZED FROM SUN NATIONAL BANK ACCOUNT NUMBER 4750255624, HELD IN THE NAME OF INTRAMARK USA, INC. | |
| Defendants. | |

On February 18, 2009, SK Foods LP ("SK") filed a motion "for leave to file a late claim [under Rule G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules")] contesting the forfeiture of the defendant funds [("funds")] in this *in rem* [forfeiture] action." (SK Mot. at 1:24-25.) SK argues

1

that Plaintiff never provided it with "notice" of its forfeiture action and thus "good cause" exists for it to file a late claim. At the April 20, 2009 hearing on the motion, however, SK argued the claim it desires to file "is not untimely" and "no claim filing time frame has been triggered as to [SK]" under the Supplemental Rules.

When directly questioned why it filed a motion seeking a judicial finding that good cause existed for it to file a late claim, rather than directly filing its claim, SK's counsel, Mr. Mayo, responded with a nonsensical argument. When asked at the hearing, "Does late not mean [ ] untimely?" Mr. Mayo responded, "It can certainly be construed as that, yes Your Honor." When the Court rejoined, "That's not how you construe it?" Mr. Mayo did not immediately respond to the call of the question, but the record reveals the following:

> THE COURT: [ ] I asked you, what do you mean in your motion when you characterize it as a late claim.
>
> MR. MAYO: It would --it's-- it should be construed only as -- only within the context within which it is meant. We at the time --
>
> THE COURT: Sir, just a moment. You say late claim in this filing. Are you telling me that you didn't mean to say late claim in this filing?
>
> MR. MAYO: At the time we filed the motion, yes, Your Honor, we perceived the claim as late under the publication procedures of the [S]upplemental [R]ules.
>
> THE COURT: So subsequently you [came to] a different belief? You no longer think your claim is late?
>
> MR. MAYO: That's correct. As I have explained to you here today, Your Honor we do not believe the claim is late for the litany of reasons I have provided today.

The hearing was abruptly adjourned because SK's position was not logical.

The referenced "litany of reasons" is SK's single contention that it had no obligation to file a claim until the government provided it direct notice under Supplemental Rule G(4)(b)(i). However, in its written motion SK relies on Supplemental Rule G(5)(a)(ii) which provides "**[u]nless the court for good cause sets a different time, the claim must be filed [as prescribed in the Supplemental Rules]**" (emphasis added). The Supplemental Rules prescribe two time frames which govern when a claim is to be filed if direct notice is not provided. Supplemental Rule G(5)(ii)(C) prescribes "[i]f notice was not published and direct notice was not sent to the claimant or the claimant's attorney[,] if the property was in the government's possession, custody, or control when the complaint was filed, **no later than 60 days after the filing** . . ." (emphasis added). Plaintiff had already seized the funds when it filed its initial complaint on August 14, 2008. Therefore, under this Rule, SK should have filed its claim by October 17, 2008.

Supplemental Rule G(5)(ii)(B) prescribes: "if notice was published but direct notice was not sent to the claimant's attorney, [a claim] should be filed no **later than 30 days after final publication**" (emphasis added). On October 15, 2008, Plaintiff filed proof of publication showing notice was finally published in <u>The Press of Atlantic City</u> on October 4, 2008. Therefore under this provision of the Rule, SK should have filed a claim no later than November 3, 2008. However, as Plaintiff indicated at the hearing, this publication was in New Jersey; and since SK is a California company it

3

is doubtful that it should be expected to have become aware of that publication.

SK's only argument as to why good cause exists for it to file a late claim is that Plaintiff's failure to send it direct notice constitutes a violation of SK's "procedural due process" right to this notice. However, Supplemental Rule G(4)(b)(v) prescribes, "[a] potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of [Plaintiff's] failure to send the required notice." Moreover, "[i]f . . . an interested party has actual knowledge of ongoing forfeiture proceedings from other sources, inadequacies in the notice afforded by the government will not work a deprivation of due process." Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001)(internal citation omitted). See Upshaw v. United States Customs Serv., 153 F. Supp. 2d 46, 51 (D. Mass. 2001) (stating "In any event, even if there was a statutory or regulatory violation [with respect to providing direct notice], this hardly arises to a constitutional dimension because [the party] had actual notice.") See also United States v. One Piece of Real Prop. Located at 15010 S.W. 168th St., 2008 U.S. Dist. LEXIS 84542 *6-7 (S.D. Fla. 2008)(holding that even where the government concedes notice was inadequate, if the potential claimant has actual notice, "he cannot look to the Supplemental Rules to advance his cause.")

Plaintiff shows SK had actual notice "at least by August 17, 2008" when the Sacramento Bee published an article which includes the following prepared statement from SK: "[SK] is not in a position to comment on allegations pertaining to [Plaintiff's] attempt to obtain a forfeiture of [the defendant] funds." (Pl. Opp'n at 12:1-8.) This

4

article includes discussion of Plaintiff's filing of its initial forfeiture complaint. SK argued at the hearing that this article only shows it had actual notice of Plaintiff's initial forfeiture complaint, not actual notice of Plaintiff's amended forfeiture complaint, which was filed on September 8, 2008. Plaintiff rejoins that Supplemental Rule G(4)(b)(v) only requires that a potential claimant have actual notice of the "forfeiture action;" and that the initial complaint was sufficient to provide notice of this forfeiture action because the amended complaint is "exactly the same," except one number in one of the account numbers was altered. Plaintiff is correct that the initial complaint was sufficient to put SK on actual notice of Plaintiff's forfeiture action against the defendant funds.

SK proffers no reason justifying its six month delay filing its motion for leave to file a late claim other than Plaintiff's failure to provide it with direct notice. See <u>United States v. 100,348.00 in United States Currency</u>, 354 F.3d 1110, 1117-8 (9th Cir. 2004)(outlining some factors a district court may consider in ruling on an untimely claim.) Further, SK virtually conceded at the hearing it had actual notice of the forfeiture action when its then counsel spoke to the <u>Sacramento Bee</u>, but counsel for SK then indicated in a conclusory manner (unsupported by facts or law) that the time to file a claim prescribed the Supplemental Rules should be ignored. SK makes this argument in the face of Plaintiff's argument that, "[b]ut for SK['s] belated effort to challenge the forfeiture, this civil action would now be closed." (Pl. Opp'n at 3:8-9.) Plaintiff states in its April, 9, 2009 Status Report, that if "SK['s] motion is denied, [P]laintiff will immediately file a Final Judgment of Forfeiture for the Court's signature" in accordance with the "Stipulation for Final

5

Judgment of Forfeiture" filed by Plaintiff on February 20, 2009. (Pl. Status Report at 3:1-2.)

Since SK has not shown good cause to justify granting its motion, its motion is denied.

Dated: April 21, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge